JOHN J. STEVENSON, RELATOR, v. ATLANTIC CITY REAL ESTATE BOARD, RESPONDENT.

Submitted June 9, 1925—Decided October 10, 1925.

Corporations—Real Estate Board Membership—Expulsion—Realtor Having Submitted His Grievance to a Committee Not Constituted as Provided For in By-laws Cannot Afterward Question Such Committee's Findings—Expulsion Based Upon Grounds Not Before Such Committee, and Not in Accordance With Any Other Provision Therefor, Not Justified—Membership in Real Estate Board Being a Valuable Right, an Alternative Writ to Determine Propriety of Expulsion is Allowed.

On application for a writ of *mandamus*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Bolte, Sooy & Gill*.

For the respondent, *Thompson & Hanstein*.

PER CURIAM.

John J. Stevenson, a member of the Atlantic City real estate board, applies for a writ of *mandamus* to reinstate him as a member of said board. The Atlantic City real estate board is incorporated under the laws of New Jersey. It has adopted by-laws. Section 2, article 4, of what is known as the old by-laws, provides that the president shall appoint, when necessary, a committee on arbitration which shall consist of five members whose duties shall be to hear any differences

arising between members of the board referred to them for arbitration. The by-law further provides that the committee's findings shall be binding upon such members, and that any member who shall refuse to comply with such finding shall be liable to suspension or expulsion as the board of trustees, by a majority vote, shall direct. The new by-laws of the real estate board contain substantially the same provision in article 10, section 2. The multiple system of listing properties for sale was adopted by the real estate board. This system provides that where a contract is signed by an owner of real estate which fixes the prices and terms at which the owner is willing to sell his property, the contract may be filed with the secretary of the board, and if the sale is made by any other realtor than the one obtaining the contract, such realtor is to receive sixty per cent. of the commission fixed by the agreement, and the member listing the property thirty-five per cent. Five per cent. goes to the board.

Stevenson claimed that he had obtained a contract with one J. J. Shenkman for the sale of a property owned by him on Vermont avenue, in the city of Atlantic City. Stevenson further claimed that he listed this property with the board. The sale of this property was effected by Russell C. Roney, a member of the real estate board, who received and retained the entire commission. Stevenson then addressed a letter to Mr. Faunce, the president of the board, and asked that the matter be investigated. No committee of arbitration was appointed in accordance with the by-laws, but Mr. Faunce appointed three members to hear the parties and determine the dispute. The decision was that Mr. Stevenson had no claim against Roney for any part of the commission. Stevenson claimed to have a written agreement with the owner, Shenkman, by which he was to receive a certain percentage of the commission even though the sale of the property was actually accomplished by another. Stevenson thereupon proceeded to press his claim against Shenkman. When the trustees of the real estate board learned of this they expelled Stevenson without any charges being preferred against him or without a hearing. Stevenson then endeavored to

have the order of expulsion revoked. This was refused. Stevenson now seeks by *mandamus* to be reinstated as a member of the real estate board.

The first contention made on behalf of Stevenson is that the hearing was not conducted in accordance with the by-law referred to. It is true that the hearing was not conducted according to the by-law, in that the board of arbitration was not composed of five members as the by-law provided. Stevenson, however, had knowledge of this when he submitted to the hearing. Having submitted to the hearing before the three members appointed without complaint we feel that he is not now entitled to question the action of the committee conducting the hearing. He waived, it seems to us, the provision of the by-law requiring a committee of five.

The next contention advanced in behalf of Stevenson seems to us to have more merit. His expulsion was based upon the theory that he failed to abide by the findings of the committee. The powers of the committee could not be extended further than to determine a controversy between Stevenson and Roney. Shenkman was not a member of the real estate board, and Stevenson's relations to Shenkman were not within the scope of the hearing. The expulsion was based upon the theory that Stevenson had not abided by the findings. The action which he took or proposed to take against Shenkman was upon a separate agreement, as he claimed, with Shenkman. It had nothing to do with the listing of the property. This matter was not inquired into by the committee before which the hearing was held.

It also appears that the real estate board expelled Stevenson for other reasons than the alleged violation of the findings of the committee. Stevenson was accorded no hearing upon these other reasons. These reasons might have been the ones which moved the trustees to expel Stevenson. As we think it is questionable as to whether Stevenson violated the findings of the committee, and as his expulsion appears to have been based upon other unmentioned grounds, and as the right to be a member of a real estate board seems to be a valuable right as it entitles a member to use the word "realtor," we

have reached the conclusion that Stevenson is entitled to the issue of an alternative writ of *mandamus* to settle the question as to the propriety of his expulsion.

An alternative writ of *mandamus* is allowed.